Alfonso León Jiménez y Rosa Albandoz, peticionarios, *v.* Corte de Distrito de San Juan, Hon. A. R. de Jesús, Juez, demandada.

Núm. 1130.—*Resuelto:* Julio 5, 1938.

*Miguel A. Muñoz,* abogado de los peticionarios; *L. Ríos Algarín,* abogado del interventor, demandante en el pleito principal.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

### EN MOCION DE RECONSIDERACION

El peticionario solicita de este tribunal reconsidere su sentencia de marzo 29, 1938, y como motivos de su reconsideración alega substancialmente lo siguiente:

(1) Que la Ley de Ventas Condicionales es una que fija específicamente el procedimiento a seguir para obtener la

---

* Nota: Véase el prefacio.

reposesión de un bien mueble vendido de conformidad con la misma.

(2) Que la Ley para asegurar la efectividad de sentencias también provee algo para casos de esta naturaleza, pero que esa disposición no fué seguida en este caso, y en su consecuencia, que la corte se excedió en sus facultades.

(3) Que la Ley de Ventas Condicionales es una ley especial, aplicable tan sólo a casos especiales, que abarca un procedimiento enteramente distinto al de cualquiera otra ley y que por tanto un estatuto de aplicación general que esté en conflicto con dicha ley especial, no puede ser de aplicación.

Al discutir los motivos de su reconsideración, el peticionario alega: (1) que se trata de una acción en cobro de dinero; (2) que la reclamación hecha por la demandante en este caso es la reposesión o el logro de la posesión del bien mueble; (3) que bajo estas circunstancias la obligación del comprador condicional es entregar determinado objeto o cosa poseído por él a· la demandante y que en su consecuencia el inciso (a), si acaso, de la sección 2 de' la Ley para asegurar la efectividad de sentencias es la única parte de dicha ley que puede ser aplicable a la ameritada reclamación y que el referido artículo no otorga a la corte el derecho a ordenar un embargo provisional, sino tan sólo la facultad de prohibir al demandado que enajene o grave el objeto o cosa; que la corte se excedió en sus facultades, toda vez que privó al demandado de la posesión de la cosa sin haberle· oído primeramente, mientras que de acuerdo con la Ley de Ventas Condicionales él tenía derecho a retener la posesión de dicha cosa hasta que la corte resolviera sobre los derechos de las partes.

El peticionario está enteramente en lo cierto en sus proposiciones primera y segunda, y también en la tercera, excepto en tanto en cuanto hace constar que la corte se excedió en sus facultades al tomar posesión de la cosa, que es la cuestión envuelta en este procedimiento. Aunque es cierto que en este caso la obligación de la parte demandada era entregar cierto objeto a la demandante, y aunque también es cierto que bajo las circunstancias expuestas por el interventor, esta

cuestión caería bajo el inciso (a) del artículo 2 de la Ley para asegurar la efectividad de sentencias, no creemos que la corte se excedió en sus facultades, puesto que dicho inciso (a) dispone: "... se prohibirá al demandado, o al tercero, en su caso, la enajenación o gravamen de la cosa reclamada..." (Estatutos Revisados de 1911, pág. 884.) La sección 10 de dicha ley, que habla sobre la prohibición de enajenar bienes muebles y el embargo de los mismos, dice lo siguiente: (Id., pág. 885.)

."La prohibición de enajenar bienes muebles y el embargo de los mismos se practicarán *depositando los bienes de que se trate en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante. . .*"

El primer motivo de la moción de reconsideración presentada por el peticionario, o sea que la Ley de Ventas Condicionales (Núm. 61 de 1916 pág. 126, según fué enmendada por la núm. 40 de 1925 (pág. 247) ) específicamente fija el procedimiento a seguir para obtener la reposesión de un bien mueble vendido en venta condicional y que por tanto la Ley para asegurar la efectividad de sentencias no es aplicable a este caso, fué discutido ampliamente en la opinión original, y el peticionario, a nuestro juicio, no suscita cuestión nueva alguna que requiera ulterior consideración.

Ya hemos discutido el segundo fundamento de la moción de reconsideración del peticionario, es decir, que la Ley para asegurar la efectividad de la sentencia no incluye un embargo como el trabado en este caso.

El tercer motivo de la moción para reconsiderar del peticionario ha sido ya resuelto en nuestra opinión original, en la siguiente forma:

"Por tanto, aunque el vendedor pueda estar limitado al procedimiento fijado en la ley de ventas condicionales, al obtener la reposesión del vehículo, esto no significa que él no pueda embargar dicho automóvil para asegurar la efectividad de la orden de reposesión."

*No ha lugar a la reconsideración.*

El Juez Asociado Señor De Jesús no intervino.